UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CAPITOL SPECIALTY INSURANCE CORPORATION,

                    Plaintiff,

      -against-

NEW LOTS COMPANY, LLC, JORDANY
RODRIGUEZ, CITY OF NEW YORK (ACS FACILITIES
SUPPORT SERVICES) AND THE FRIENDS OF
CROWN HEIGHTS EDUCATIONAL CENTERS, INC.,

                    Defendants.
------------------------------------------------------------------------X

Civil Action No.:

**COMPLAINT**

Plaintiff, CAPITOL SPECIALTY INSURANCE CORPORATION ("Capitol" or "Plaintiff"), by its attorneys, Rivkin Radler, LLP, as and for its Complaint herein, alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is a declaratory judgment action brought by Capitol pursuant to 28 U.S.C. § 2201, seeking a declaration that the insurance policy ("Policy") issued by Capitol to NEW LOTS COMPANY, LLC ("New Lots") is rescinded due to material misrepresentations made by New Lots in its applications for the procurement of the Policy and that the Policy is void *ab initio*, and/or due to the breach of the Representations condition of the Policy.

2. Capitol also seeks a declaration that as a result of the material misrepresentations, Capitol has no insurance coverage obligations to, and no duty to defend and/or to indemnify, New Lots in connection with underlying claims (collectively, the "Claims") by JORDANY RODRIGUEZ ("Claimant"), CITY OF NEW YORK (ACS FACILITIES SUPPORT SERVICES) ("City) and/or THE FRIENDS OF CROWN HEIGHTS EDUCATIONAL

CENTERS, INC. ("FOCH"), against New Lots in the action entitled *Rodriguez v. New Lots Co., LLC, et al.,* Index No. 526778/2023 (N.Y. Sup. Ct. Kings Cnty.) ("Underlying Action"), and Capitol may terminate the defense of New Lots in the Underlying Action.

3. In the Underlying Action, Claimant alleges that he was injured on December 3, 2020 when he allegedly tripped and fell on the sidewalk adjacent to the premises owned by New Lots and located at 370 New Lots Avenue in Brooklyn, New York ("Premises").

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, in that this action seeks a declaration of rights as to which the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.

5. Declaratory relief is available under 28 U.S.C. §2201 and 28 U.S.C. §2202.

6. Venue in this district is proper under 28 U.S.C. §139l(b) because certain Defendants are residents here and a substantial part of the events or omissions giving rise to the claim occurred here.

## THE PARTIES

7. At all times relevant hereto, Capitol was and is a Wisconsin corporation with its principal place of business located in Wisconsin.

8. At all times relevant hereto, New Lots was and is a New York corporation incorporated in Nassau County with its principal place of business located in Kings County, and is conducting business in the State of New York.

9. At all times relevant hereto, Claimant was and is a resident of Nassau County in the State of New York.

10. At all times relevant hereto, City was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. At all times relevant hereto, FOCH was and is a 501(c)3 not-for-profit corporation with its principal place of business located in Kings County, and is conducting business in the State of New York.

12. Claimant, City and FOCH are named herein as necessary or interested parties.

## THE INSURANCE APPLICATION

13. New Lots submitted an application to Capitol dated February 27, 2019, seeking commercial general liability insurance for the policy period from March 2, 2019 to March 2, 2020.

14. The application contains a "loss history" section where the insured is required to list prior claims and occurrences, but New Lots checked the box stating there are "none".

15. In reliance on the foregoing representations, Capitol issued general liability Policy CS19000801 to New Lots, for the March 2, 2019 to March 2, 2020 period.

16. New Lots made a material misrepresentation in the application because New Lots knew prior to submitting the application that it had been named as a defendant in a suit filed by Victor Bourne ("Bourne Action") involving a 2017 trip-and-fall on the sidewalk adjacent to the Premises.

17. Capitol would not have issued the Policy or would have issued a different policy at higher premiums, had New Lots disclosed the existence of the Bourne Action.

18. At the time of renewal of the Policy, Capitol contacted New Lots asking for a completed lessor's risk supplemental application, among other things.

3

19. New Lots forwarded a completed lessor's risk supplemental application dated January 30, 2020, where New Lots identified the tenant at the Premises as FOCH and represented that the lease is a triple net lease and that FOCH is required to add New Lots as an additional insured to its policy, among other things.

20. In reliance on the foregoing representations, Capitol renewed the Policy for the March 2, 2020 to March 2, 2021 period.

21. New Lots made material misrepresentations in the application because New Lots knew prior to submitting the application that City was the tenant, not FOCH, the lease was not a triple net lease and City and FOCH were not obligated to procure additional insured coverage for New Lots.

22. Capitol would not have issued the Policy, including the renewal or would have issued a different policy at higher premiums, had New Lots disclosed that City was the tenant, the lease was not a triple net lease and City and FOCH were not obligated to procure additional insured coverage for New Lots.

## THE POLICY

23. The Policy is a commercial general liability policy issued by Capitol to New Lots, bearing policy number CS19000801, effective from March 2, 2019 to March 2, 2020 and renewed the following year.

24. The Policy provides coverage, subject to its terms, for "Bodily Injury and Property Damage Liability" under "Coverage A".

25. The Policy contains the following condition:

> **6.   Representations**
>
> By accepting this policy, you agree:

     a. The statements in the Declarations are accurate and complete;

     b. Those statements are based upon representations you made to us; and

     c. We have issued this policy in reliance upon your representations.

26. The Policy also contains other terms, conditions and exclusions that set forth the scope of coverage under the Policy.

## THE UNDERLYING ACTION

27. The Complaint in the Underlying Action alleges that Claimant was injured on December 3, 2020 when he tripped and fell on the sidewalk adjacent to the Premises.

28. The Complaint names New Lots, City and FOCH as defendants.

29. FOCH moved for summary judgment in the Underlying Action and filed a transcript from a deposition of New Lots in the Bourne Action.

30. Upon receiving notice of the Underlying Action, Capitol investigated the Claim and learned about the Bourne Action and that City was the tenant, the lease was not a triple net lease and City and FOCH were not obligated to procure additional insured coverage for New Lots.

31. By letter dated July 26, 2024, Capitol rescinded the Policy based upon New Lots' material misrepresentations, but agreed to defend New Lots in the Underlying Action as a courtesy to avoid a default judgment subject to Capitol's rescission of the Policy and without waiver of its position, rights and defenses.

## COUNT I FOR DECLARATORY RELIEF

## THE CAPITOL POLICY IS RESCINDED AND VOID *AB INITIO*

32. Capitol repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "31" as if fully set forth herein.

33. New Lots submitted insurance applications to Capitol for purposes of obtaining insurance coverage for the Premises and its operations at the Premises.

34. New Lots made misrepresentations in the insurance applications, including by informing Capitol that there were no prior claims and occurrences despite knowing about the Bourne Action, and by identifying the tenant at the Premises as FOCH and representing that the lease is a triple net lease and that FOCH is required to add New Lots as an additional insured to its Policy, among other things.

35. New Lots knew that the misrepresentations in the insurance applications were false or incorrect at the time that it submitted the applications to Capitol.

36. Capitol justifiably relied upon the misrepresentations made by New Lots in issuing the Policy to New Lots.

37. The misrepresentations made by New Lots were material to Capitol's decision to issue the Policy on the terms and conditions to which it was subject.

38. Capitol would not have issued the Policy or would have issued a different policy at higher premiums, had New Lots disclosed the existence of the Bourne Action.

39. Capitol would not have issued the Policy, including the renewal, or would have issued a different policy at higher premiums, had New Lots disclosed that City was the tenant, the lease was not a triple net lease and City and FOCH were not obligated to procure additional insured coverage for New Lots.

40. Capitol is entitled to a declaration that the Policy is rescinded due to material misrepresentations made by New Lots and that the Policy is void *ab initio*.

41. Capitol is also entitled to a declaration that it owes no insurance coverage obligations to, and no duty to defend and/or to indemnify, New Lots for any past, present or future claims, including the Claims, due to the rescission of the Policy, and Capitol may terminate the defense of New Lots in the Underlying Action.

42. Upon rescission, Capitol will refund the relevant premiums plus interest as directed by the Court.

43. An actual controversy exists between Capitol, on the one hand, and Defendants, on the other, relating to the rescission of the Capitol Policy.

44. Capitol has no adequate remedy at law.

## COUNT II FOR DECLARATORY RELIEF

## THERE IS NO COVERAGE BASED UPON THE REPRESENTATIONS CONDITION OF THE POLICY

45. Capitol repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "44" as if fully set forth herein.

46. New Lots submitted insurance applications to Capitol for purposes of obtaining insurance coverage for the Premises and its operations at the Premises.

47. New Lots made misrepresentations in the insurance applications, including by informing Capitol that there were no prior claims and occurrences despite knowing about the Bourne Action, and by identifying the tenant at the Premises as FOCH and representing that the lease is a triple net lease and that FOCH is required to add New Lots as an additional insured to its policy, among other things.

48. New Lots knew that the misrepresentations in the insurance applications were false or incorrect at the time that it submitted the applications to Capitol.

49. Capitol justifiably relied upon the misrepresentations made by New Lots in issuing the Policy to New Lots.

50. The misrepresentations made by New Lots were material to Capitol's decision to issue the Policy on the terms and conditions to which it was subject.

51. Capitol is entitled to a declaration that New Lots breached the Representations condition of the Policy.

52. Capitol is also entitled to a declaration that it owes no insurance coverage obligations to, and no duty to defend and/or to indemnify, New Lots for any past, present or future claims, including the Claims, due to New Lots' breach of the Representations condition of the Policy, and Capitol may terminate the defense of New Lots in the Underlying Action.

53. An actual controversy exists between Capitol, on the one hand, and Defendants, on the other, relating to the breach of the Representations condition of the Policy.

54. Capitol has no adequate remedy at law.

**WHEREFORE**, Capitol respectfully requests that the Court enter a judgment as follows:

a) Declaring that the Policy is rescinded due to material misrepresentations made by New Lots in its applications for the procurement of the Policy and that the Policy is void *ab initio*, and/or due to the breach of the Representations condition of the Policy.

  b)  Declaring that Capitol has no insurance coverage obligations to, and no duty to defend and/or to indemnify, New Lots in connection with any past, present or future claims, including the Claims; and

  c)  Awarding such other and further relief as this Court may deem just and proper under the circumstances.

Dated: Uniondale, New York
   January 29, 2025

                RIVKIN RADLER LLP

                *Frank A. Valverde*
                _____
                Frank A. Valverde
                Anne Murray
                926 RXR Plaza
                Uniondale, New York 11556-0926
                (516) 357-3000

                Attorneys for Plaintiff
                CAPITOL SPECIALTY INSURANCE
                CORPORATION